In re Guardianship of William F. Bradford et al.

Regina Bradford, Guardian, Appellant, v. George W. Dawson, Appellee.

No. 40840.

March 15, 1932.

Edward J. Dahms, for appellant.

Geo. W. Dawson, for appellee.

Albert, J.—Regina Bradford's husband was killed while in the employ of the Illinois Central Railroad Company. She was appointed administratrix of his estate, and in settlement with the railroad company, the sum of $7,000 was paid to her as such administratrix. This money belonged partially to the minor children of Mrs. Bradford and she was appointed guardian for said minors and their share was set off to her as such guardian. She retained the balance as her share of said estate. The defendant was her attorney in the settlement of the estate and also looked after her reports, etc., after she was appointed

guardian. The final report of said estate was filed December 10, 1924.

After the closing of her husband's estate, Mrs. Bradford sought an investment. Defendant, Dawson, had 120 acres of land, covered by a $15,000 mortgage, one forty thereof having a mortgage of $6,000.00 and a $2,000.00 mortgage on it. Mrs. Bradford bought and paid for the $2,000.00 mortgage and the same was assigned to her, with the guarantee of the defendant that the same would be paid, and he would, in substance, stand between her and any loss thereon, or would take it off her hands at any time for full value. The $15,000.00 mortgage was subsequently released so far as this forty-acre tract was concerned. There is a dispute in the record as to whether or not the $2,000 which Mrs. Bradford paid to Dawson was taken from the guardianship fund or from her own fund. Both parties seem to agree that the transaction as to the purchase of this $2,000 mortgage occurred after the husband's estate had been closed. We are unable to determine from the record the date of this transaction. The mortgage and note seem to have been lost or mislaid, and we have neither of them nor the assignment thereof before us.

The defendant stands ready and willing to make his guaranty good on a production of the mortgage and note, or on the plaintiff's putting up a bond to protect him in event they turn up later. The evidence shows, beyond dispute, that while this was a second mortgage, the value of the land was far in excess of the value not only of this second, but also of the first mortgage. The defendant therefore stands in the position of having acted in good faith in this transaction, and is now and has at all times been willing to abide by his agreement in relation thereto.

The first question raised is whether or not the plaintiff is entitled to any relief in this kind of a proceeding. Section 11608, Code, 1927, reads as follows:

"Judgments or final orders may be obtained on motion by sureties against their principals, * * * by clients against attorneys * * * for the recovery of money or property collected for them, and damages; * * *."

If the plaintiff had made out her case as she alleges it, she would not have been entitled to maintain it under this section

of the statute. This statute is intended as a summary and drastic remedy to relieve the situation provided for in said section. The only time it is available under its terms is where recovery of money or property is sought, collected for a client, or for damages. This is as far as it goes. It can not be used as a basis of an action to require performance of a contract made between an attorney and a client. This is, in fact, what is sought here. In so pronouncing this law, we are assuming, without deciding, that the relation of attorney and client did exist at the time of the transaction; but she does not and can not, under her statement, claim that the defendant received or held this $2,000 in his capacity of attorney. If she wishes specific performance of this contract of guaranty, or if she wishes to rescind the contract, she will have to attain that end in proceedings other than one of this character. It may be said in passing that the demand made by the defendant that the note and mortgage be protected by a bond is reasonable, and any court would hold that he was entitled to such protection.

The lower court overruled this motion and dismissed the proceedings, and we think rightfully.—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.